FERDINAND A. BOWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12167. Promulgated January 12, 1948.

*Robert J. Bird, Esq.,* for the petitioner.
*Philip J. Wolf, Esq.,* for the respondent.

40

## OPINION.

Disney, *Judge*: The question here, as the parties agree, involves an application of the *Clifford* doctrine (*Helvering* v. *Clifford*, 309 U. S. 331) to the facts. The principal difference between them is their choice of cases interpreting the rule to support their contentions. The respondent starts with *Commissioner* v. *Buck*, 120 Fed. (2d) 775, and petitioner regards *Hawkins* v. *Commissioner*, 152 Fed. (2d) 221, as controlling.

In the *Buck* case the settlor, an individual with income in excess of his normal needs, directed the trustee, a bank, to pay the income of the trust to his wife, who had personal property worth more than $500,000 and owned the family residence, for life, and upon her death

to pay the income, and ultimately the corpus, to his children or their descendants. He reserved power to alter in any respect the provision for distribution of income or principal, without, however, revoking the trust, revesting corpus in himself, or requiring that income be paid to or accumulated for him or applied to insurance premiums on his life. If a beneficiary predeceased him, his or her share was to revert to the settlor. The settlor retained power to remove the trustee, direct the trustee in the exercise of its powers to retain or dispose of corpus and to invest and reinvest the proceeds of a sale, and to vote stock or direct the trustee how to vote it. The court held the income to be taxable to the settlor under the provisions of section 22 (a).

In the *Hawkins* case the income from the trust, created in 1932, was to be added to the corpus and reinvested for the first 10 years of its term of 20 years and during the remainder of its term was to be distributed equally to three named persons (assumed to be grandchildren of the settlor), and then all the principal was to be similarly divided. The settlor reserved no control over the management of the trust by the trustee, a bank, or right of revocation, but retained power to modify the provisions for distribution among the named beneficiaries. The court held that the income of the trust in 1938 and 1939 was not taxable to the settlor.

Here the settlor reserved no power of revocation or management of the trust, but, notwithstanding the provision, he and the trustee modified the trust instrument in May 1941 to include issue of the named beneficiaries as additional beneficiaries, and distributions of income of the trust in the taxable year were made to some of the new beneficiaries. He reserved' the exclusive right to direct or withhold payments of income and principal to the named beneficiaries. Thus, while no right was reserved to direct the trustee to make distributions of. income or corpus to himself during his lifetime, the settlor had unlimited power to withhold trust income for accumulation as corpus, or to make distribution thereof, and of corpus, to any one or more of the named beneficiaries at any time and in any amount. These rights could have been used wholly or partially to satisfy the settlor's legal obligation for support of his wife (since she was named a beneficiary) and in accordance with the amendment of the trust, his issue, if any, by his wife. The record does not show whether the settlor and wife had any living issue. As in *George* v. *Commissioner*, 143 Fed. (2d) 837 (where the trust instrument gave grantor power to add other beneficiaries as well as alter the distributions among the named beneficiaries, at will), "The named beneficiaries acquired only potential interests and no real ownership." "The power to dispose of income is the equivalent of ownership of it" and the right to distribute constitutes enjoyment of the income. *Helvering* v. *Horst*, 311 U. S. 112. In addition,

the provisions of section 5 (d) and (e) of trust No. 79 could have been modified by the settlor to make the income and principal of the trust in question distributable to the estate of petitioner upon his death. During the taxable year the settlor chose to distribute most of the trust income rather than accumulate it for future disposition by one of the other methods available to him. Trust No. 79 was revoked in 1942 and in 1944 or 1945 trust No. 189 was canceled, with the consent of the beneficiaries. The record does not show whether the trust corpus was distributed to the settlor. The termination of the two trusts at least put the settlor in a position to claim the estates for himself or his estate. The assets in trust No. 189 were also available to pay debts of the petitioner and taxes of petitioner, his estate and the trusts upon his death.

The settlor's lack of complete control over the management of the trust is not controlling, in view of the broad powers he originally reserved to dispose of income and corpus by giving written directions binding upon the trustee, and the power to direct distribution to new beneficiaries other than those originally named, actually exercised by him pursuant to the amendment of the trust, agreed upon by him and the trustee in May 1941. Having actually directed distribution to new beneficiaries, the petitioner, though the instrument did not provide it and named only certain beneficiaries, without conferring power to modify or amend the instrument, is in no position to contend that the trust instrument gave him no such power or right. Full exercise of such rights would have rendered the trust ineffective and destroyed it for all practical purposes. *George* v. *Commissioner, supra.* Such powers confined the important duties of the trustee to collecting income and making investments and reinvestments.

The settlor had ample means, other than the property in trust No. 189, and his wife had substantial income in the taxable year from her separate estate. In *Brown* v. *Commissioner*, 131 Fed. (2d) 640, containing facts like those in the *Buck* case, the court remarked:

* * * We think that a settlor who is a person of means and who can control the spending of a fund, which she has set up, in every respect except spending it for herself is sufficiently the "owner" of the fund to make its income taxable to her under § 22 (a). * * *

To the same effect is *Lura H. Morgan*, 2 T. C. 510, with respect to trust E, involved therein.

The facts here serve to distinguish the case from *Hawkins* v. *Commissioner, supra* (which reversed a memorandum decision of the Tax Court). There the settlor could not make her estate beneficiary of the trust, nor make distributions to dependents, nor use trust property for payment of her debts or taxes upon her death. She had no power to add new beneficiaries, a right actually exercised here with

questionable authority, but by the trustee recognized during the taxable year.

That the original beneficiaries, other than petitioner's wife, were not persons dependent upon the petitioner does not in our view require different conclusions than above expressed. The cases along the line of the *Clifford* doctrine are not limited to mere dependency of beneficiaries on the trustor.

We think the facts here are sufficiently like those in the cases relied upon by the respondent to require a like conclusion. Accordingly,

*Decision will be entered for the respondent.*